# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THOMAS MUCHA, and DIANA K. MUELLER,**
      Plaintiffs,

    v.                                                  Case No. 12-CV-00202

**STATE OF WISCONSIN, et al.,**
      Defendants.

---

## DECISION AND ORDER

The two named pro se plaintiffs in this lawsuit are Thomas Mucha and Diana Mueller, but the real party in interest is James Lammers.[1] Lammers, Mucha, and Mueller are all shareholders in Buzz Energies, Inc., a company that was started by Lammers. Mucha and Mueller are suing as shareholders of Buzz Energies and they claim defendants wrongfully deprived the company of its right to use a farm located in Plymouth, Wisconsin. The complaint alleges that Lammers is the legal owner of the farm, and that he gave the company permission to conduct its business there. However, business was interrupted in May 2009 when officials from the State of Wisconsin evicted Lammers from the farm, confiscated his personal property located thereon, and transferred possession of the property to Janet and Gust Lammers, who claim they are the legal owners of the property. After reviewing the complaint, I find that the real claim in this case is not that Buzz Energies

---

[1] The complaint also refers to James Lammers as James Kurtz or James Lammers/Kurtz. It is not clear if he legally changed his name at some point during the events leading up to the filing of this lawsuit or if Kurtz is a nickname. Regardless, the complaint makes it clear that both names are being used to describe the same person.

lost access to the farm, but that defendants wrongfully deprived Lammers of his real and personal property.

The reason Lammers is not named as a plaintiff is because he "has a long history of frivolous litigation" and is subject to the following order: "Until Lammers pays, in full, all outstanding sanctions orders and all outstanding filing and docket fees for his many suits, the clerks of all seven district courts in [the Seventh Circuit], and the clerk of [the Seventh Circuit], will return to Lammers all filings in civil cases." Lammers v. Ellerd, 202 F.3d 273, at *1–2 (7th Cir. 1999) (unpublished disposition) (citing Support Systems Int'l, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995)). Since Lammers is making a transparent attempt to get around the Seventh Circuit's order by filing a lawsuit using other people's names, I will dismiss this case. I also note that this is not the first time Lammers has tried this tactic. See Mueller v. Whitehead, et al., Case No. 09-C-546 (E.D. Wis. 2009). Mueller and Mucha are warned that they may be subject to sanctions if they file any further lawsuits on Lammers' behalf.

**THEREFORE, IT IS ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2012.

s/_____
LYNN ADELMAN
District Judge