# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS MUCHA, and DIANA K. MUELLER,**
   **Plaintiffs,**

  v.            Case No. 12-CV-00202

**STATE OF WISCONSIN, et al.,**
   **Defendants.**

## DECISION AND ORDER

  The two named pro se plaintiffs in this lawsuit are Thomas Mucha and Diana Mueller, but I dismissed this case because I found that the real plaintiff is James D. Lammers (also known as James Kurtz), who is on the Seventh Circuit's list of restricted filers. Before me now is plaintiffs' motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). I may grant a motion for reconsideration if there is newly discovered evidence or to correct a manifest error of law or fact. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

  According to the complaint, Lammers, Mucha, and Mueller are all shareholders in Buzz Energies, Inc., a company that was started and is controlled by Lammers. Mucha and Mueller are suing as shareholders of Buzz Energies because they claim defendants wrongfully deprived the company of its right to use a farm located in Plymouth, Wisconsin. The complaint alleges that Lammers is the legal owner of the farm and that he gave the company permission to conduct its business there. However, business was interrupted in May 2009 when officials from the State of Wisconsin evicted Lammers from the farm, confiscated his personal property located thereon and transferred possession of the

property to Janet and Gust Lammers. After reviewing the complaint, I found that the real claim in this case is not that Buzz Energies lost access to the farm, but that defendants wrongfully deprived Lammers of his property. As a result, I concluded that this lawsuit was barred by the Seventh Circuit's order, which states: "Until Lammers pays, in full, all outstanding sanctions orders *and* all outstanding filing and docket fees for his many suits, the clerks of all seven district courts in [the Seventh Circuit], and the clerk of [the Seventh Circuit], will return to Lammers all filings in civil cases." *Lammers v. Ellerd*, 202 F.3d 273, at *1–2 (7th Cir. 1999) (unpublished disposition) (citing *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

In support of their motion for reconsideration, Mucha and Mueller claim they should be allowed to pursue this suit because they owned some of the personal property on the farm that was seized by defendants. They do not, however, offer any details to support this claim, and it is contradicted by the complaint. The complaint alleges that Lammers was the owner of the real and personal property seized, and that he had merely given Buzz Energies permission to use it. Therefore, I stand by my earlier finding that the real purpose of this lawsuit is to challenge the seizure of Lammers' farm and that he is simply using Mucha and Mueller as proxies to get around the Seventh Circuit's order.

I also note that, in response to my order of dismissal, Lammers has unsuccessfully attempted to have his name removed from the restricted filers list. Lammers paid this court the $500.00 in sanctions he owed from a case in 1999, but he still appears on the Seventh Circuit's restricted filer list. To be removed from this list, he must "furnish the clerk of the [Seventh Circuit] with a complete inventory of all sanctions he has incurred during his

2

lifetime, and of all filing fees incurred since the enactment of the Prison Litigation Reform Act on April 26, 1996, and demonstrate that all have been paid in full." *Lammers v. Ellerd*, 202 F.3d at *1–2.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion for reconsideration [DOCKET #71] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for an order lifting the sanctions against James D. Lammers [DOCKET #74, 75] are **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of October 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge