UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS MUCHA, and DIANA K. MUELLER,
      Plaintiffs,

     v.                                             Case No. 12-CV-00202

STATE OF WISCONSIN, et al.,
      Defendants.

---

## DECISION AND ORDER

Pro se plaintiffs Thomas Mucha and Diana Mueller brought this lawsuit against over 40 defendants under 42 U.S.C. §§ 1983, 1985 and 1986. I dismissed the complaint on April 17, 2012 because I found that the real plaintiff is James D. Lammers (also known as James Kurtz), who is on the Seventh Circuit's list of restricted filers. I then denied plaintiffs' motion for reconsideration under Fed. R. Civ. P. 59(e). Instead of appealing that decision, plaintiffs filed a second motion for reconsideration on November 6, 2012.[1] I treat this as a motion for relief from the judgment under Fed. R. Civ. P. 60(b) because it was filed more than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see also Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515–16 (7th Cir. 2006) (noting that ordinarily "[a] party gets one shot at asking the district court to alter or amend the judgment").

---

[1] The docket indicates the motion was filed on December 20, 2012, but the time stamp on the motion indicates it was received by the clerk on November 6. The delay in docketing was caused by the fact that Lammers himself submitted the motion and the clerk was not sure whether to return it to him or docket it given his status as a restricted filer.

According to the complaint, Lammers, Mucha, and Mueller are all shareholders in Buzz Energies, Inc. ("Buzz Energies"), a company that was started and is controlled by Lammers. Mueller is Lammers' fiancé, and she and Mucha are suing as shareholders of Buzz Energies because they claim defendants wrongfully deprived the company of its right to use a farm located in Plymouth, Wisconsin. Lammers was the legal owner of the farm and he gave the company permission to conduct its business there. Business was interrupted, however, in May 2009 when officials from the State of Wisconsin evicted Lammers from the farm, confiscated his personal property located thereon and transferred possession of the property to Janet and Gust Lammers.

After reviewing the complaint, I found that the real claim in this case is not that Buzz Energies lost access to the farm, but that defendants wrongfully deprived Lammers of his property. As a result, I concluded that this lawsuit was barred by the Seventh Circuit's *Mack* order against Lammers. *See Lammers v. Ellerd*, 202 F.3d 273, at *1–2 (7th Cir. 1999) (unpublished disposition) (citing *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)). This conclusion was supported by the fact that, in addition to monetary relief, the complaint seeks reversal of the *Mack* order against Lammers. (Compl. 14, ¶¶ 42–44, ECF No. 1.) In response, Lammers tried unsuccessfully to get the restrictions against him lifted and plaintiffs asked that he be added to the case. Plaintiffs also moved for reconsideration on the ground that they owned some of the personal property seized by defendants. I denied the request to add Lammers as a plaintiff. I also denied the motion for

2

reconsideration because the complaint alleges that Lammers was the owner of the real and personal property seized and plaintiffs did not move to amend the complaint.[2]

In the present motion, plaintiffs again claim that they owned some of the personal property on the farm. They also argue that the complaint states claims on behalf of Buzz Energies independent of Lammers' claims. "'Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances.'" *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)). Plaintiffs' motion presents no justification for relief under this rule. All of their arguments could have been raised on direct appeal. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009) ("[T]he grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal.").

**THEREFORE, IT IS ORDERED** that plaintiffs' motion for reconsideration [DOCKET #78] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] The facts section of the complaint makes no mention of personal property owned by either Mueller or Mucha. Instead, it states that at all relevant times Lammers owned the farm and the personal property thereon. (Compl. 22, ¶ 1.) Documents attached to the complaint also describe Lammers as "owner of the personal properties used by [Buzz Energies]." (Compl. 15, 17.)